# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: February 24, 2025

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | | |
| KELLY WALKER, | * | PUBLISHED |
| | * | |
| Petitioner, | * | No. 21-278V |
| | * | |
| v. | * | Special Master Nora Beth Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Bench Ruling on Entitlement; Influenza |
| AND HUMAN SERVICES, | * | ("Flu") Vaccine; Nerve Injury. |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * | | |

Isaiah Kalinowski, Bosson Legal Group, Fairfax, VA, for Petitioner.
Austin Joel Egan, U.S. Department of Justice, Washington, DC, for Respondent.

## RULING ON ENTITLEMENT[1]

On January 7, 2021, Kelly Walker ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act," "the Program," or "the Act"), 42 U.S.C. § 300aa-10 et seq. (2018).[2] Petitioner alleges that she suffered from a Table shoulder injury related to vaccine administration ("SIRVA") or nerve injury in her left shoulder following the administration of an influenza ("flu") vaccination on October 29, 2019. Amended ("Am.") Petition at 1-6 (ECF No. 28).

---

[1] Because this Ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018). All citations in this Ruling to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

This case was originally assigned to the Special Processing Unit ("SPU"). Activation and Reassignment Order dated Sept. 12, 2022 (ECF No. 24). Respondent filed his Rule 4(c) report on January 19, 2024 stating, "this case is not appropriate for compensation under the [Vaccine] Act." Respondent's Report ("Resp. Rept.") at 1 (ECF No. 46). Thereafter, this case was removed from SPU and both parties filed expert reports. See Petitioner's Exhibits ("Pet. Exs.") 46, 49; Resp. Exs. A, C. In January 2025, the parties indicated they disagreed as to next steps, with Petitioner objecting to additional expert reports and requesting an entitlement hearing and Respondent requesting to file additional expert reports[3] and to resolve entitlement through a ruling on the record. Joint Status Rept., filed Jan. 22, 2025 (ECF No. 65).

The undersigned reviewed the medical records and expert reports and found this case did not warrant the additional litigation requested by the parties and instead found a bench ruling prudent.[4] On February 12, 2025, the undersigned issued an oral ruling on entitlement, finding Petitioner provided preponderant evidence of all three Althen prongs. See Althen v. Sec'y of Health & Hum. Servs., 418 F.3d 1274, 1280 (Fed. Cir. 2005). An official recording of the proceeding was taken by a court reporter. The undersigned fully adopts and incorporates that oral ruling as officially recorded herein.

I.    **BRIEF SUMMARY OF FINDINGS**

The expert reports and medical literature provide ample evidence that Petitioner is entitled to compensation for a nerve injury following her flu vaccination. See Tr. 4-38.

First, as to diagnosis, the undersigned found Petitioner suffered a left axillary or radial neuritis nerve injury or inflammation, to which she summarized as a nerve injury. Petitioner did not meet the Vaccine Table criteria for SIRVA. Tr. 16-17, 33-34.

---

[3] Respondent indicated his objection on the record, in which he maintained his request for additional expert reports. Transcript ("Tr.") 3-4. The undersigned found additional expert reports would only prolong this matter and would not be beneficial or necessary for litigation, as described in more detail during her oral ruling. Id.

[4] The Vaccine Act and Rules encourage special masters to decide petitions on the papers where, in the exercise of their discretion, they conclude that doing so will properly and fairly resolve the case. Vaccine Rule 8(d); § 12(d)(2)(D). The decision to rule on the record in lieu of hearing has been affirmed on appeal. See, e.g., Kreizenbeck v. Sec'y of Health & Hum. Servs., 945 F.3d 1362, 1366 (Fed. Cir. 2020); Hovey v. Sec'y of Health & Hum. Servs., 38 Fed. Cl. 397, 402-03 (1997) (determining that special master acted within his discretion in denying evidentiary hearing); Burns v. Sec'y of Health & Hum. Servs., 3 F.3d 415, 417 (Fed. Cir. 1993); Murphy v. Sec'y of Health & Hum. Servs., No. 90-882V, 1991 WL 71500, at *2 (Fed. Cl. Spec. Mstr. Apr. 19, 1991); see also Hooker v. Sec'y of Health & Hum. Servs., No. 02-472V, 2016 WL 3456435, at *21 n.19 (Fed. Cl. Spec. Mstr. May 19, 2016) (citing numerous cases where special masters decided case on the papers in lieu of hearing and that decision was upheld).

Next, as to <u>Althen</u> prong one, the undersigned found Petitioner provided preponderant evidence of a sound and reliable theory as to how the flu vaccine can cause a nerve injury. Tr. 35; <u>see, e.g.</u>, Pet. Ex. 46 at 6-8; Court Exhibit A.[5]

For <u>Althen</u> prong two, the undersigned found Petitioner provided preponderant evidence of a logical sequence of cause and effect to support how the flu vaccine Petitioner received caused her nerve injury. Tr. 35-37. The undersigned based her opinions on Petitioner's medical records, which showed no prior symptoms or alternative explanation. <u>Id.</u> Further, Petitioner's testing and clinical course are consistent with the mechanism presented by Petitioner. <u>Id.</u>

Lastly, the undersigned determined Petitioner's onset was immediate based on the medical records and declarations from Petitioner. Tr. 37. Such timing is consistent with Petitioner's theory, and thus, Petitioner also presented preponderant evidence to satisfy <u>Althen</u> prong three. <u>Id.</u>

## II.   CONCLUSION

Based on the undersigned's findings, Petitioner provided preponderant evidence to satisfy all three <u>Althen</u> prongs. Petitioner is therefore entitled to compensation for a nerve injury she developed following her October 2019 flu vaccination. Tr. 37.

The scope of the undersigned's Ruling is limited to Petitioner's nerve injury due to vaccination. Tr. 37-38. She is not entitled to compensation for any other medical problem she suffers from, as specified in the Ruling. Tr. 38.

**IT IS SO ORDERED.**

**<u>s/Nora Beth Dorsey</u>**
Nora Beth Dorsey
Special Master

---

[5] Nat'l Acad. Scis. Eng'g Med., <u>Shoulder Injuries and Vaccines</u>, <u>in</u> Evidence Review of the Adverse Effects of COVID-19 Vaccination and Intramuscular Vaccine Administration 171, 183-85 (Anne R. Bass et al. eds., 2024), https://www.ncbi.nlm.nih.gov/books/NBK607378/.