# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed: February 12, 2026

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| KELLY WALKER, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 21-278V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * | | |

Isaiah Kalinowski, Bosson Legal Group, Fairfax, VA, for Petitioner.
Austin Joel Egan, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On January 7, 2021, Kelly Walker ("Petitioner") filed a petition in the National Vaccine Injury Program[2] alleging that she suffered from a Table shoulder injury related to vaccine administration ("SIRVA") or nerve injury in her left shoulder following the administration of an influenza ("flu") vaccination on October 29, 2019.  Amended ("Am.") Petition at 1-6 (ECF No. 28).  On February 24, 2025, the undersigned issued a ruling on entitlement, finding Petitioner entitled to compensation for "a left axillary or radial neuritis nerve injury or inflammation," also characterized as a "nerve injury," she developed following her October 2019 flu vaccination.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act").  All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Ruling on Entitlement dated Feb. 24, 2025 (ECF No. 71).  On November 10, 2025, the undersigned issued a damages decision.  Damages Decision dated Nov. 10, 2025 (ECF No. 87).

On November 18, 2025, Petitioner filed a motion for attorneys' fees and costs. Petitioner's Motion for Payment of Petitioner's Attorneys' Fees and Reimbursement of Case Costs ("Pet. Mot."), filed Nov. 18, 2025 (ECF No. 91).  Petitioner requests compensation in the amount of $69,879.55, representing $63,780.90 in attorneys' fees and $6,098.65 in costs, to Bosson Legal Group.  Id. at 1, 3.  Petitioner also requests $16,176.14, representing $15,315.50 in attorneys' fees and $860.64 in costs, to her former counsel, Jeffrey S. Pop & Associates.  Id. at 2-3.  Petitioner warrants that she has not personally incurred any costs in pursuit of his claim for compensation.  Id. at 2.  Petitioner also filed a memorandum to support her request for an increased rate for her expert on November 18, 2025.  Pet. Memorandum of Law Regarding Expert Rate ("Pet. Memo."), filed Nov. 18, 2025 (ECF No. 93).

Respondent filed his response on November 19, 2025, stating he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case," but objecting to Petitioner's expert's rate increase.  Respondent's Response to Pet. Mot. ("Resp. Response"), filed Nov. 19, 2025, at 2-5 (ECF No. 94).  Petitioner filed a reply on November 19, 2025, reiterating her request.  Pet. Reply to Resp. Response, filed Nov. 19, 2025 (ECF No. 95).

The matter is now ripe for disposition.

For the reasons discussed below, the undersigned **GRANTS IN PART** Petitioner's motion and awards a total of **$83,880.08**.

## I.      DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  § 15(e)(1).  When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought."  Id.  In this case, because Petitioner was awarded compensation, she is entitled to a final award of reasonable attorneys' fees and costs.

### A.      Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act.  Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.

2

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), rev'd on other grounds & aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." Saxton, 3 F.3d at 1521.

### i.    Reasonable Hourly Rates

Petitioner requests the following hourly rates for the work of her counsel at Bosson Legal Group: for Mr. Isaiah Kalinowski, $430.00 per hour for work performed in 2022, $445.00 per hour for work performed in 2023, $480.00 per hour for work performed in 2024, and $504.00 per hour for work performed in 2025. Petitioner also requests rates between $115.00 and $205.00 per hour for work of their counsel's paralegals performed between 2022 and 2025.

Prior to being represented by Bosson Legal Group, Jeffrey S. Pop & Associates represented Petitioner. Petitioner requests the following hourly rates for the work of her counsel at Jeffrey S. Pop & Associates: for Mr. Jeffrey Pop, $470.00 per hour for work performed in 2020-2021 and $520.00 per hour for work performed in 2022-2023; for Ms. Kristina E. Grigorian, $325.00 per hour for work performed in 2020-2021 and $410.00 per hour for work performed in 2022-2023; and for law clerks, $150.00 per hour for work performed in 2020-2021 and $165.00 per hour for work performed in 2022-2023.

The undersigned finds these rates consistent with what counsel have previously been awarded for their Vaccine Program work, and finds them to be reasonable herein.

### ii.    Reasonable Hours Expended

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Hum. Servs., No. 15-255V, 2016 WL 6459592, at

3

*5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011)).  It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable.  Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez v. Sec'y of Health & Hum. Servs., No. 06-559V, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. July 27, 2009).  Petitioner bears the burden of documenting the fees and costs claimed.  Rodriguez, 2009 WL 2568468 at *8.

The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be largely reasonable.  However, the undersigned finds a small reduction necessary.

Petitioner requests $63,780.90 in attorneys' fees for Bosson Legal Group.

At Bosson Legal Group, Petitioner's counsel, Mr. Kalinowski, and her paralegal billed for non-compensable tasks, including preparing documents for filing, reviewing invoices, and preparing payments.  See Pet. Ex. 53 at 2-8, 10-11, 16.  It is well known in the Vaccine Program that billing for some administrative tasks, even at a paralegal rate, is not permitted.  See, e.g., Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"); Paul v. Sec'y of Health & Hum. Servs., No. 19-1221V, 2023 WL 1956423, at *3 (Fed. Cl. Spec. Mstr. Feb. 13, 2023) ("Clerical and secretarial tasks should not be billed at all, regardless of who performs them.").  The preparation of records and exhibits for filing has repeatedly been deemed administrative and thus non-compensable.  See, e.g., Wallace v. Sec'y of Health & Hum. Servs., No. 17-1074V, 2018 WL 6977489, at *2 (Fed. Cl. Spec. Mstr. Nov. 19, 2018) (noting the preparation of medical records an administrative and noncompensable task); Phelan ex rel. A.P. v. Sec'y of Health & Hum. Servs., No. 18-1366V, 2025 WL 1453777, at *3 (Fed. Cl. Spec. Mstr. Apr. 30, 2025) (same).

Many of these non-compensable tasks were billed by Mr. Kalinowski at his attorney rate, and some are contained in entries that constitute block-billing, making it impossible to discern how much time is compensable.  For example, Mr. Kalinowski, on January 17, 2023, billed 1.20 hours ($534.00) for "Review ex. 19 for filing and for relevance to case.  Review articles of medical literature and prepare for filing.  Draft notice of filing.  Draft updated exhibit list."  Pet. Ex. 53 at 3.  And on July 11, 2025, Mr. Kalinowski billed 1.60 hours ($806.40) for "Review, revise, and amend draft memorandum on damages drafted by associate.  Prepare for filing as exhibits: Exhibits 51-52.  Draft notice of filing and updated exhibit list."  Id. at 16.

Additionally, Mr. Kalinowski and his paralegal engaged in duplicative billing practices on numerous occasions (i.e., both Mr. Kalinowski and her paralegal billed for same tasks), which requires further reduction.  See, e.g., Young v. Sec'y of Health & Hum. Servs., No. 16-602V, 2017 WL 7360354, at *2 (Fed. Cl. Spec. Mstr. Aug. 31, 2017) (reducing a fee award for duplicative work performed by both the attorney and a paralegal).  And some of these duplicative entries are for non-compensable tasks.  For example, on February 24, 2025, both Mr. Kalinowski and his paralegal billed for reviewing invoice/payment for a transcript.  Pet. Ex. 53 at 11.  And on March 17, 2025, Mr. Kalinowski and his paralegal both billed for reviewing an email and

invoice from Petitioner's expert.  Id.  Further, Mr. Kalinowski billed $48.00 on September 19, 2024 for "Final review of expert's invoice and coordinate payment."  Id. at 8; see also id. at 16 (paralegal billing for same task on August 11, 2025).

Furthermore, there are various discrepancies in counsel's billing entries that could not have occurred at or around the date alleged.  For example, on October 20, 21, and 24, 2022, a paralegal billed a total of 12.90 hours ($1,483.50) for "Review for filing and ARMOR" of exhibits one through 19.  Pet. Ex. 53 at 2-3.  However, upon review of the docket, exhibits one through 18 were filed before these billing entries: exhibits one through three were filed on January 25, 2021, exhibits four through 11 were filed on May 25, 2021, exhibits 12 through 14 were filed on November 2, 2021, exhibits 15 through 17 were filed on April 6, 2022, and exhibit 18 was filed on July 11, 2022.  See ECF Nos. 6, 8, 13, 20, 23.  Additionally, on November 1, 2022, Mr. Kalinowski billed for reviewing "PAR Activation and Reassignment Order," "SPU Initial Order," and "Notice of Appearance of [Respondent's counsel]."  Id. at 3.  A review of the docket shows these filings were on September 12, September 19, and September 23, 2022.  See ECF Nos. 24-26.  These discrepancies call into question the accuracy of counsel's billing entries.

These are not new issues to Mr. Kalinowski.  See, e.g., Parmer v. Sec'y of Health & Hum. Servs., No. 16-880V, 2020 WL 1672909, at *4-5 (Fed. Cl. Spec. Mstr. Mar. 11, 2020) (reducing fees by 5% for block billing); Glenn ex rel. Glenn v. Sec'y of Health & Hum. Servs., No. 22-0217V, 2025 WL 1089638, at *2 (Fed. Cl. Spec. Mstr. Mar. 10, 2025) (reducing fees by 10% for excessive and duplicative billing practices).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees.  Broekelschen, 102 Fed. Cl. at 729.  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  Saxton, 3 F.3d at 1522.  In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged so long as a "concise but clear" justification for the reduction is provided.  Abbott v. Sec'y of Health & Hum. Servs., 135 Fed. Cl. 107,111 (2017).  Special masters need not explain how many hours are appropriate.  Raymo v. Sec'y of Health & Hum. Servs., 129 Fed. Cl. 691, 702 (2016).  "It would be unreasonable, however, to expect the Special Master to explain how each individual entry affected [her] final calculation, as in conducting fee determinations tribunals 'need not, and indeed should not, become green-eyeshade accountants.'"  Abbott, 135 Fed. Cl. at 112 (quoting Fox, 563 U.S. at 838).

The undersigned finds a reduction to of Bosson Legal Group's attorneys' fees by 2% reasonable and appropriate.  This results in a reduction of **$1,275.61**.[3]

Petitioner also requests attorneys' fees of $15,315.50 for work performed by her prior counsel, Jeffrey S. Pop & Associates.  The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable, and she will award these fees in full.

---

[3] $63,780.90 x 0.02 = $1,275.618.  The undersigned will round down.

**B.      Attorneys' Costs**

Petitioner requests a total of $6,098.65 in attorneys' costs for Bosson Legal Group.  This amount is comprised of acquiring medical records and medical literature, PACER, transcript, and expert costs.  The undersigned has reviewed the requested costs and finds them to be well-documented and largely reasonable.

Petitioner requests a rate of $600.00 per hour for the work of her expert, Dr. Zurab Nadareishvili, and filed a memorandum of law supporting this request.  Petitioner acknowledged Dr. Nadareishvili has previously been awarded a rate of $400.00 per hour for work performed between 2019 and 2022, but argued that his expert reports in this case were authored in 2024 and an increased rate is reasonable due to inflation.  Pet. Memo. at 6-7.  Petitioner also acknowledged that a recent decision rejected Dr. Nadareishvili's requested rate increase.  Id. (citing Borgelt v. Sec'y of Health & Hum. Servs., No. 23-1051V, 2025 WL 2319039, at *4 (Fed. Cl. Spec. Mstr. July 9, 2025)).  However, Petitioner failed to acknowledge that in Borgelt, Dr. Nadareishvili's reports were also authored in 2024.

Although the special master in Borgelt denied the increased rate of $600.00, and awarded a rate of $400.00, the undersigned finds a rate increase reasonable and appropriate.  However, Petitioner nor his expert has made a showing to support the reasonableness behind a $200.00 increase.  As such, the undersigned will instead award a rate of $500.00 per hour for work performed by Dr. Nadareishvili.  This is also in line with other experts in his field.  This results in a reduction of **$900.00**.[4]

Petitioner also requests $860.64 in costs to Jeffrey S. Pop & Associates.  This amount is comprised on obtaining medical records, the filing fee, and a FedEx charge.  The undersigned has reviewed the requested costs and finds them to be reasonable and will award them in full.

**II.      CONCLUSION**

Based on all of the above, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

**Bosson Legal Group**:

| | |
|---|---|
| Requested Attorneys' Fees: | $63,780.90 |
| Reduction of Attorneys' Fees: | - $1,275.61 |
| Awarded Attorneys' Fees: | $62,505.29 |
| | |
| Requested Attorneys' Costs: | $6,098.65 |
| Reduction of Attorneys' Costs: | - $900.00 |
| Awarded Attorneys' Costs: | $5,198.65 |
| | |
| **Total Bosson Legal Group Fees and Costs:** | **$67,703.94** |

---

[4] 9 hours x ($600.00 - $500.00) = $900.00.

**Jeffrey S. Pop & Associates**:

| | |
|---|---|
| Requested Attorneys' Fees: | $15,315.50 |
| Reduction of Attorneys' Fees: | - $0.00 |
| Awarded Attorneys' Fees: | $15,315.50 |
| | |
| Requested Attorneys' Costs: | $860.64 |
| Reduction of Attorneys' Costs: | - $0.00 |
| Awarded Attorneys' Costs: | $860.64 |
| | |
| **Total Jeffrey S. Pop & Associates Fees and Costs:** | **$16,176.14** |

**Petitioner is awarded attorneys' fees and costs in the total amount of $67,703.94 to be paid through an ACH deposit to Petitioner's current counsel's (Bosson Legal Group) IOLTA account for prompt disbursement.**

**Petitioner is awarded attorneys' fees and costs in the total amount of $16,176.14 to be paid through an ACH deposit to Petitioner's former counsel's (Jeffrey S. Pop & Associates) IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[5]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.